

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00439-CR
_____

JESUS LOPEZ RAYMUNDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court No. 006-87832-2013, Honorable Jay A. Bender, Presiding

March 30, 2015

## Order of Abatement and Remand

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Jesus Lopez Raymundo, filed notice of appeal from a judgment adjudicating him guilty of the offense of driving while intoxicated,[1] and sentence of ninety days' incarceration in the Collin County Jail and $800 fine. The incarceration portion of the sentence was suspended for a period of fifteen months and appellant was placed on community supervision. Appellant timely appealed this conviction and sentence. The appellate court clerk received and filed the trial court clerk's record on

---

[1] See TEX. PENAL CODE ANN. § 41.04 (West Supp. 2014).

December 29, 2014. The official court reporter filed the reporter's record with the appellate court clerk on January 23, 2015. Consequently, appellant's brief was due to be filed on or before February 23, 2015.[2] *See* TEX. R. APP. P. 38.6(a). Appellant neither filed a brief nor requested an extension of time to file a brief by this deadline. As such, on March 3, this Court sent appellant notice that his brief was past due. In that letter, this Court informed appellant that, if he failed to file his brief by March 13, the appeal would be abated and the cause remanded to the trial court without further notice. To date, appellant has not filed his brief nor responded to our March 3 correspondence.

Accordingly, we now abate this appeal and remand the cause to the trial court. *See* TEX. R. APP. P. 38.8(b)(2). The clerk's record reflects that the trial court has appointed Debra L. Parker to represent appellant on appeal. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether present counsel for appellant has abandoned the appeal; (4) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk

---

[2] Thirty days from the date that the reporter's record was filed would be February 22. However, February 22, 2015, was a Sunday. Thus, the deadline for filing appellant's brief would be extended to Monday, February 23, 2015. See TEX. R. APP. P. 4.1(a).

of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file findings of fact, conclusions of law, and recommendations addressing the determinations identified above and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. *See* TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than Wednesday, April 29, 2015.

Per Curiam

Do not publish.

3